IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HENSLEY,<br>    Petitioner,<br><br>v.<br><br>MARK CAPPOZA, et al.,<br>    Respondents. | Civil Action No. 18-44 Erie<br><br>Judge Susan Paradise Baxter |

**MEMORANDUM AND ORDER**

State prisoner Joseph Hensley ("Petitioner") has filed with this Court a petition for a writ of habeas corpus (ECF No. 8) in which he challenges the judgment of sentence imposed upon him by the Court of Common Pleas of Warren County ("the trial court") at CP-62-CR-528-2015.

**I.**

On December 3, 2015, Petitioner was charged by the Youngsville Township Police with the following offenses: Count 1–Rape Forcible Compulsion; Count 2–Statutory Sexual Assault, Complainant Between 4-8 Years of Age; Count 3–Sexual Assault; Count 4–Aggravated Indecent Assault, Complainant Less Than 16 Years of Age; Count 5–Involuntary Deviate Sexual Intercourse ("IDSI") Forcible Compulsion; Count 6–IDSI Person Less Than 16 Years of Age; Count 7–Indecent Assault Forcible Compulsion; Count 8–Corruption of Minors. (ECF No. 40 at 10-11).[1]

Elizabeth Ziegler, Esq. represented Petitioner. His trial was scheduled to be held on July 8, 2016. Prior to it, the Commonwealth and Petitioner reached a plea agreement (id. at 11), and on June 6, 2016, he entered a plea of guilty to Count 4 and the remaining counts were *nolle prossed*. (Id.) On October 7, 2016, the trial court sentenced him to a term of 36-108 months of imprisonment. (Id.)

---

[1] Some of the information set forth herein was obtained from the docket sheet for Petitioner's criminal case, which is available to the public online at https://ujsportal.pacourts.us/CaseInformation.aspx, and of which this Court takes judicial notice.

1

On October 11, 2016, Petitioner, through Attorney Ziegler, filed a motion to reconsider his sentence, which the trial denied following oral argument held on December 8, 2016. The next week, on December 14, 2016, Attorney Ziegler filed a motion to withdraw, which the trial court granted on December 21, 2016. (Id.)

Petitioner did not file a direct appeal with the Superior Court of Pennsylvania. On or around February 8, 2017, he filed a *pro se* petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*. On August 14, 2017, the trial court (now the "PCRA court") appointed Bernard T. Hessley, Esq., to represent him. On March 8, 2018, Attorney Hessley filed a petition for leave to withdraw and an accompanying "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988) (*en banc*). Attorney Hessley explained in his letter, which Respondents have attached to the Answer they filed in this case, that Petitioner claimed that "his guilty plea was unlawfully induced where circumstances make it likely that the inducement caused [him] to plead guilty and [he] is innocent." (ECF No. 40 at 13). According to Attorney Hessley, Petitioner also claimed that Attorney Ziegler was ineffective and:

> [i]n support of this claim, [Petitioner] asserts the following specific allegations in his Petition:
>
> 1. My attorney did not meet with witnesses.
> 2. Did not object to improper instruction.
> 3. Ignored evidence that put in question credibility of a witness.
> 4. Failed to object to an improper closing argument.
> 5. Gave false information regarding the sentence.
> 6. Refused to file a direct appeal.
> 7. Advised by counsel that she would not longer represent him if [he] went to trial.
> 8. The prosecution lacked physical evidence.
> 9. [Petitioner] was coerced in his testimony at his suppression hearing.

(Id. at 12).

2

The PCRA court held a hearing on June 21, 2018. At the conclusion of that hearing, it denied Petitioner's PCRA petition. (ECF No. 40 at 18). Petitioner did not file an appeal with the Superior Court. On July 30, 2018, the PCRA court granted Attorney Hessley's motion to withdraw as counsel. (Id. at 19).

In the meantime, Petitioner had filed with this Court a petition for a writ of habeas corpus. (ECF No. 8). He claims that Attorney Ziegler was ineffective because she "refused to go to trial" (id. at 5), advised him to plead guilty when there was "no evidence" (id. at 7), did not interview alibi witnesses (id. at 8), and "hid evidence" from him (id. at 10). Petitioner also contends that he was "slandered in the media as guilty before conviction," that a victim committed perjury, that he was denied his right to face his accuser in court, that he was never read his Miranda rights, and that Attorney Ziegler forced him to plead guilty. (Id. at 12-13).

On January 7, 2019, Respondents filed their Answer. (ECF No. 40). In it, they assert that the Court should dismiss the petition because Petitioner did not exhaust his claims in state court. The "exhaustion doctrine" requires that a state prisoner raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights[,]" Coleman v. Thompson, 501 U.S. 722, 731 (1991), and "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion requirement. O'Sullivan, 526 U.S. at 845. In Pennsylvania, this requirement means

3

that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Superior Court of Pennsylvania either on direct or PCRA appeal. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

Although generally a district court should dismiss without prejudice a petitioner's unexhausted claims and require the petitioner to return to state court to exhaust them, see, e.g., Crews v. Horn, 360 F.3d 146, 151-55 (3d Cir. 2004) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)), the district court may "excuse" that requirement as "futile" if it is clear that his claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996); Lines v. Larkins, 208 F.3d 153, 162-66 (3d Cir. 2000).[2] Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines, 208 F.3d at 163. That appears to be the case here and that all of Petitioner's claims are procedurally defaulted.[3]

---

[2] Stated another way, when it is futile for a petitioner to exhaust his claims, they are "deemed exhausted." Lines, 208 F.3d 160. The Court of Appeals explained:

> Petitioners who have not fairly presented their claims to the highest state court have failed to exhaust those claims. O'Sullivan v. Boerckel. If, however, state procedural rules bar a petitioner from seeking further relief in state courts, "the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. § 2254(b)." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." Id. See also Coleman, 501 U.S. at 731, 111 S.Ct. 2546.

Id.

[3] Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner has failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69. In simple terms, a petitioner can procedurally default a federal habeas claim in two ways, by: (1) failing to present it to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration; or (2) failing to comply with an independent and adequate state procedural rule when he presented a claim to the state court, and for that reason the state court declined to address the federal claim on the merits. See, e.g., Sykes, 433 U.S. at 81-87; Lines, 208 F.3d at 162-69.

4

Respondents did not specifically argue that the Court should dismiss Petitioner's claims with prejudice because they are procedurally defaulted. This Court has "the authority to raise the issue of procedural default *sua sponte*[,]" Evans v. Secretary Pennsylvania Dept. of Corr., 645 F.3d 650, 656 n.12 (3d Cir. 2011), as long as Petitioner is given fair notice and an opportunity to respond and is not prejudiced. Id. (citing Szuchon v. Lehman, 273 F.3d 299, 321 n.13 (3d Cir. 2001)); Sweger v. Chesney, 294 F.3d 506, 520 n.3 (3d Cir. 2002) (courts may consider *sua sponte* whether procedural default bars claim). See Day v. McDonough, 547 U.S. 198, 205-10 (2006) (raising statute of limitations *sua sponte*); United States v. Bendolph, 409 F.3d 155, 161-70 (3d Cir. 2005) (en banc) (same). This Memorandum gives Petitioner the required notice and he may, by **May 1, 2019**, file a response with this Court in which he can show cause why the Court should not dismiss all of his claims with prejudice as procedurally defaulted.

Additionally, by **May 1, 2019**, Respondents **must provide this Court with the state court record.** Specifically, Respondents must submit the Court of Common Pleas of Warren County's original file for the Petitioner's criminal case. This file must contain all of the documents filed with that Court, and it must also contain **a complete set of all of the transcripts for Petitioner's pre-trial proceedings, his plea and sentencing hearings, and the June 21, 2018, hearing held in his PCRA proceeding.** This file may be submitted in the traditional manner on paper.[4] This Court's Clerk of Court will note on the docket that the Common Pleas Court's file has been received. This file is not part of this Court's permanent case file and will be returned to Common Pleas Court upon final disposition of this habeas case, including appeals. Alternatively, Respondents may file electronically all of the required

---

[4] Respondents can either submit the original Common Pleas Court's files or a certified complete copy of it.

documents. Care must be taken so that all items are photocopied and scanned accurately, legibly, and in full.

Also pending before the Court are various motions filed by the Petitioner. In his motions for default judgment (ECF Nos. 42, 46) and motion to grant the writ (ECF No. 44), Petitioner contends that Respondents did not file an answer and, therefore, he is entitled to his request for habeas relief. These motions are **DENIED** because Respondents did file their Answer. They also filed a certificate of service indicating that they served the Answer upon Petitioner by first-class mail; however, in case Petitioner did not receive it the Court will send him another copy of it as an attachment to this Order.

Petitioner's motions for compensation (ECF No. 47), for custody of his children (ECF No. 49), and for an order that he not be transferred from SCI Fayette (ECF No. 50), are **DENIED**. His final motion pending before the Court is his request for bail (ECF No. 43), which is also **DENIED**. Bail pending review of a habeas petition is available "'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974)). "This standard 'reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding.'" Id. (quoting Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986)). Petitioner has not demonstrated that he has a high probability of success and that extraordinary or exceptional circumstances are present in this case.

## II.

**AND NOW**, this **3rd** day of **April, 2019,** it is **ORDERED** that:

(1) Petitioner may, by **May 1, 2019,** file a response showing cause why all of his claims should not be dismissed with prejudice because they are procedurally defaulted;

(2) Respondents must, by **May 1, 2019,** file the state court record in accordance with the instruction contained in this Memorandum; and

(3) Petitioner's motions at ECF Nos. 42, 43, 44, 46, 47, 49, and 50 are **DENIED**.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Attachment: Respondents' Answer, ECF No. 40.