IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH HENSLEY,<br>Petitioner, | ) ) ) | Civil Action No. 18-44 Erie |
| v. | ) ) ) | District Judge Susan Paradise Baxter |
| MARK CAPPOZA, et al.,<br>Respondents. | ) ) ) | |

## MEMORANDUM

Pending before the Court is the Petition For a Writ of Habeas Corpus [ECF No. 8] filed by state prisoner Joseph Hensley ("Petitioner") pursuant to 28 U.S.C. § 2254.[1] He challenges the judgment of sentence imposed upon him in October 2016 by the Court of Common Pleas of Warren County (the "trial court") at criminal docket number CP-62-CR-528-2015. For the reasons that follow, the Court will dismiss Petitioner's claims with prejudice and deny a certificate of appealability.

I. **Relevant Background**[2]

In November 2015, the Youngsville Borough Police Department in Warren County, Pennsylvania, investigated a report of rape made by a 15-year-old female who is identified in the record by her initials, "K.K." She reported that on August 8, 2015, Petitioner forced her to have sexual intercourse with him in his apartment. Officer Benjamin Leach interviewed Petitioner about K.K.'s

---

[1] Section 2254 confers jurisdiction upon a federal court to entertain an application for habeas corpus relief from a state prisoner "on the ground that he or she is in custody in violation of the Constitution...of the United States." 28 U.S.C. § 2254(a).

[2] In May 2019, Respondents filed with this Court hardcopies of documents that had been filed with the trial court. In June 2019, Respondents filed electronically the transcripts of Petitioner's June 16, 2016, plea hearing [ECF No. 56], his October 7, 2016, sentencing hearing [ECF No. 58], and the June 21, 2018, hearing the trial court held on his request for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") [ECF No. 57]. Additionally, a few documents contained in the state-court record were filed electronically by Respondents at ECF No. 40 and by Petitioner at ECF No. 52.

1

allegations and Petitioner gave a statement in which he admitted that he had sexual intercourse with K.K. on the date in question.

The Commonwealth subsequently charged Petitioner with the following offenses: Count 1–Rape Forcible Compulsion; Count 2–Statutory Sexual Assault, Complainant Between 4-8 Years of Age; Count 3–Sexual Assault; Count 4–Aggravated Indecent Assault, Complainant Less Than 16 Years of Age; Count 5–Involuntary Deviate Sexual Intercourse ("IDSI") Forcible Compulsion; Count 6–IDSI Person Less than 16 Years of Age; Count 7–Indecent Assault Forcible Compulsion; and, Count 8–Corruption of Minors.

The trial court appointed John R. Parroccini, Esq., the Chief Public Defender of Warren County, to represent Petitioner. In January 2016, Petitioner filed a notice of alibi defense in which he maintained that he was in the presence of Lynn Ahlgren at the time K.K. stated the rape had occurred. He also filed a motion to suppress the statement he gave to Officer Leach.

Attorney Parroccini subsequently notified the trial court of a conflict. In April 2016, the trial court appointed Elizabeth A. Ziegler, Esq., an experienced criminal defense attorney (PCRA Hr'g Tr., 6/21/18, at 5), to represent Petitioner. Following a hearing held on May 17, 2016, the trial court denied Petitioner's motion to suppress.

Petitioner's trial was scheduled to be held in July 2016. Prior to it, he entered an agreement with the Commonwealth in which he would plead guilty to Count 4–Aggravated Indecent Assault, Complainant Less Than 16 Years of Age, and in exchange the Commonwealth would file a *nolle prosequi* on the remaining counts. At the plea hearing, which was held on June 6, 2016, Petitioner stated that he understood what he was doing, that he was entering his plea on his own free will, and that no one forced or coerced him to enter his plea or promised him that he would receive a certain sentence. (Plea Hr'g Tr., 6/6/16, at 5-6). In response to a question from the trial court, Attorney Ziegler stated that she

2

advised Petitioner of the effects of entering his plea and of the permissible range of sentences that the trial court could impose. (Id. at 7). Petitioner told the trial court that he was satisfied with Attorney Ziegler's advice and that he believed that she had provided him with effective representation. (Id.) Petitioner then pleaded guilty to Count 4:

> The Court: [At Count 4], you are accused that you did engage in penetration, however slight, of the genitals or anus of another person with a part of your body for any purpose other than good-faith medical hygienic or law enforcement procedures, and that you were over the age of 18 and the victim was under the age of 16.
>
> To wit, that you being 20 years of age, did engage in penetration, however slight, of the genitals of the victim, KK, 15 years of age. Do you admit to that conduct, sir?
>
> [Petitioner]: Yes, your Honor.
>
> The Court: How do you plead to count four?
>
> [Petitioner]: Guilty.

(Id. at 9).

The trial court sentenced Petitioner at a hearing held on October 7, 2016. At this hearing, Petitioner stated that he had spoken to Attorney Ziegler about his potential sentence. (Sent. Hr'g Tr., 10/7/16, at 9-12). When the trial court asked him if there was anything else he would like to say about the circumstances of the offense, Petitioner replied that "[i]t wasn't what it sounded like[,]" and suggested that the victim was not credible. (Id. at 15-16). The prosecutor immediately interjected and reminded Petitioner that he admitted under oath that he committed the offense for which he was being sentenced. (Id. at 16). At the conclusion of the hearing, the court sentenced Petitioner to a term of 36 to 108 months' imprisonment, a sentencing which is at the high end of the standard range.

On October 11, 2016, Petitioner, through Attorney Ziegler, filed a post-sentence motion asking the trial court to reconsider its sentence. Petitioner told Attorney Ziegler that he wanted to file a direct

3

appeal if that motion was unsuccessful, but by letter dated October 28, 2016,[3] she explained to him that he had no grounds to challenge either his guilty plea or sentence in a direct appeal because he voluntarily entered his plea, the trial court had jurisdiction, and his sentence was not illegal. (PCRA Hr'g Tr., 6/21/18, at 10-13). Attorney Ziegler further explained to Petitioner that if he wanted to challenge his guilty plea on the grounds that she had provided him with ineffective assistance of counsel in advising him to enter it, he had to raise that claim in a PCRA petition. (Id.) She advised him that she could not raise a claim of her own ineffectiveness, and that in a PCRA proceeding the trial court would appoint him a new attorney. (Id.)

Attorney Ziegler's advice to Petitioner was in accordance with Pennsylvania law, which "makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." Commonwealth v. Lincoln, 72 A.3d 606, 609 (Pa. Super. Ct. 2013). "Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him." Id., citing Boykin v. Alabama, 395 U.S. 238 (1969). Additionally, under Pennsylvania law, claims of ineffective assistance of trial counsel must be raised in a PCRA proceeding. Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002).

As explained below, at his June 2018 PCRA hearing, Petitioner admitted that he received Attorney Ziegler's October 28, 2016, letter and that he did not respond to it. (PCRA Hr'g Tr., 6/21/18, at 23-24). He also acknowledged that at no point after he received that letter did he instruct Attorney Ziegler to file an appeal. (Id. at 24).

---

[3] Attorney Ziegler's October 28, 2016, letter is contained in the state-court record that Respondents submitted to this Court.

The trial court held argument on Petitioner's post-sentence motion on December 8, 2016, and it denied the motion on that same date. The next day, on December 9, 2016, Attorney Ziegler sent Petitioner a second letter. (ECF No. 52-3; see also PCRA Hr'g Tr., 6/21/18, at 16-17). In it, she notified him that the trial court denied his post-sentence motion. (Id.) Attorney Ziegler once again advised Petitioner that he had no issues to raise on direct appeal and that if he wanted to pursue a claim that she was ineffective he had to file a PCRA petition and new counsel would be appointed to represent him. (Id.) At his PCRA hearing, Petitioner admitted that he received Attorney Ziegler's December 9, 2016, letter and that he did not respond to it. (PCRA Hr'g Tr., 6/21/18, at 23-24).

On December 14, 2016, Attorney Ziegler filed a motion to withdraw as counsel in which she explained that she had advised Petitioner regarding his appeal and PCRA rights. The trial court granted Attorney Ziegler's motion on December 21, 2016. Less than two months later, on February 8, 2017, Petitioner filed a *pro se* PCRA petition in which he claimed that his plea was involuntary because Attorney Ziegler was ineffective. (PCRA Petition at 4, 8). In support, he argued, among other things, that Attorney Ziegler "did not meet with witnesses," "ignored evidence that put in question credibility of a witness," "gave false information regarding the sentence," "told [him] that if [he] went to trial she would no longer represent [him]," advised him to plead when the prosecution "had no physical evidence," and coerced his suppression hearing testimony. (Id. at 4).

Under Strickland v. Washington, 466 U.S. 668 (1984), Petitioner has the burden of demonstrating, *inter alia*, that Attorney Ziegler's representation fell below an objective standard of reasonableness. 466 U.S. at 688. The law presumes that she was effective. Id. at 689. In Hill v. Lockhart, 474 U.S. 52 (1984), the Supreme Court explained that "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." 474 U.S. at 56 (internal quotations and citations

5

omitted). Where, as is the case here, a petitioner entered his plea upon the advice of counsel, he must satisfy the standard set forth in Strickland in order to prevail on his challenge to his guilty plea. Id. at 52, 56-59. The voluntariness of Petitioner's plea depends on whether Attorney Ziegler's advice "'was within the range of competence demanded of attorneys in criminal cases.'" Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). See also Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

Petitioner also claimed in his PCRA petition that Attorney Ziegler was ineffective for failing to file a direct appeal. (Id.) In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court reiterated "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable[,]" id. at 477, and it also held:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning–advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. *If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.*

Id. at 478 (emphasis added).[4]

After Petitioner filed his PCRA petition, nothing occurred in that proceeding for approximately six months. In August 2017, the trial court appointed Bernard T. Hessley, Esq., to represent Petitioner. In December 2017, Petitioner, dissatisfied with the pace at which his PCRA was proceeding, filed with the Superior Court of Pennsylvania a *pro se* petition for mandamus and several other motions. The

---

[4] The Supreme Court further explained in Flores-Ortega that "[i]f counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." 528 U.S. at 478. It held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." Id. at 480.

Superior Court forwarded Petitioner's filings to Attorney Hessley in accordance with Commonwealth v. Jette, 23 A.3d 1032 (Pa. 2011) (the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion). [ECF No. 52-1].

On March 8, 2018, Attorney Hessley filed with the trial court a petition for leave to withdraw and an accompanying "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988) (*en banc*). (ECF No. 40 at 7-17). The trial court determined that Petitioner's allegation that Attorney Ziegler was ineffective for failing to file a direct appeal required an evidentiary hearing, which it held on June 21, 2018. Attorney Ziegler and Petitioner testified at that hearing. During her testimony, Attorney Ziegler stated that since Petitioner did not respond to either her October 28, 2016, or December 9, 2016, letter, she believed that he understood that he did not have grounds to challenge his plea or sentence on direct appeal and that he did not want to file one. (PCRA Hr'g Tr., 6/21/18, at 15-18). During his testimony, Petitioner admitted that he received both of Attorney Ziegler's letters, that he did not respond to either letter, and that he did not instruct her to file a direct appeal after she explained to him in her October 28, 2016, that there were no grounds to pursue on appeal. (Id. at 23-24).

At the conclusion of the PCRA hearing, the trial court denied Petitioner's claim. It held that Attorney Ziegler had consulted with Petitioner and advised him he had no claim to raise in a direct appeal. Since Petitioner did not thereafter respond to Attorney Ziegler and instruct her to file a direct appeal, the trial court concluded, his claim that she was ineffective had no merit. (Id. at 30-32). After the trial court explained its holding, Attorney Hessley asked that it grant him leave to withdraw his appearance because, as he had explained in his Turner/Finley "no-merit" letter, none of Petitioner's

7

other PCRA claims had merit. The court instructed Attorney Hessley to file a written motion and it adjourned the hearing. (Id.)

On June 22, 2018, the day after the PCRA hearing was held, the trial court filed an order in which it denied PCRA relief. (ECF No. 40 at 18). Accordingly, it appears that Petitioner had until on or around July 22, 2018, to file an appeal with the Superior Court. Pa.R.A.P. 903(a) ("notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken.") Petitioner did not file an appeal. On July 27, 2018, Attorney Hessley filed a motion to withdraw his appearance. On July 30, 2018, the trial court issued an order granting Attorney Hessley's motion.

In the meantime, earlier in 2018, at a time when Petitioner was dissatisfied with the pace at which his PCRA was proceeding and before the trial court had scheduled the PCRA hearing, he filed with this Court his pending Petition for a Writ of Habeas Corpus. [ECF No. 8)]. He claims, as he did in his PCRA proceeding, that his guilty plea was not voluntary because Attorney Ziegler's ineffective assistance coerced him to enter it. (Id. at 5-13). In support, he alleges that Attorney Ziegler "refused to go to trial" (id. at 5), advised him to plead guilty when there was "no evidence" (id. at 7), did not interview alibi witnesses (id. at 8), and "hid evidence" from him (id. at 10). Petitioner also alleges that he was "slandered in the media as guilty before conviction," that he was denied his right to confront K.K., and he was not read his Miranda rights. (Id. at 12-13). Petitioner contends that he presented all of these allegations in his PCRA proceeding. (Id. at 5-13).

In May 2018, Respondents filed a motion to dismiss the petition, without prejudice, because he was exhausting his state-court remedies. [ECF No. 14]. The Court ruled on their motion in October 2018. [ECF No. 30]. Because, by that point, Petitioner's PCRA proceeding had concluded, the Court denied Respondents' motion and directed them to file an Answer. Respondents filed their Answer on January 7, 2019. [ECF No. 40]. They pointed out that Petitioner did not appeal the trial court's

decision to deny his request for PCRA relief, but did not go so far as to expressly argue that, as a result, he procedurally defaulted his claims and the Court should dismiss them with prejudice.

On April 3, 2019, the Court issued a Memorandum Order [ECF No. 51] explaining that Petitioner procedurally defaulted the claims he raised in his federal habeas petition because he did not file an appeal with the Superior Court after the trial court denied him PCRA relief.[5] (Id. at 4-5). The Court further explained that it would provide Petitioner with the opportunity to file a response and show cause why the Court should not dismiss all of his claims with prejudice as procedurally defaulted. (Id. at 5-7). The Court also directed Respondents to file the required state-court record. (Id. at 5).

The Court subsequently received Petitioner's Response [ECF No. 52] and the relevant state-court record.

## II. Discussion

A petitioner can avoid the default of a claim if he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" Coleman v. Thompson, 501 U.S. 722, 750 (1991).[6] "'Cause' under the cause and prejudice testimony must be something *external* to the petitioner, something that cannot fairly be attributed to him[.]" Id. at 753 (emphasis in original).

---

[5] This Court has "the authority to raise the issue of procedural default *sua sponte*[,]" Evans v. Secretary Pennsylvania Dept. of Corr., 645 F.3d 650, 656 n.12 (3d Cir. 2011), as long as Petitioner is given fair notice and an opportunity to respond and is not prejudiced. Id. (citing Szuchon v. Lehman, 273 F.3d 299, 321 n.13 (3d Cir. 2001)); Sweger v. Chesney, 294 F.3d 506, 520 n.3 (3d Cir. 2002) (courts may consider *sua sponte* whether procedural default bars claim).

[6] Another way a federal habeas petitioner can avoid the default of his claims is by demonstrating a "miscarriage of justice." This requires the presentation of evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). Where the petitioner pleaded guilty (as in the instant case), he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea-bargaining process. Bousley v. United States, 523 U.S. 614, 623-24 (1998). The "miscarriage of justice" exception to procedural default only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent, Schlup, 513 U.S. at 316, and this is not one of those rare cases in which it applies.

In his Response [ECF No. 52], Petitioner contends that his PCRA counsel, Attorney Hessley, "caused" the default of his claims because Attorney Hessley should have, but did not, file an appeal to the Superior Court after the trial court issued its order denying him PCRA relief. The general rule is that, because there is no federal constitutional right to counsel in a PCRA proceeding, a petitioner cannot rely upon PCRA counsel's ineffectiveness to overcome the default of a federal habeas claim. See, e.g., Coleman, 501 U.S. at 752-54; Davila v. Davis, 137 S. Ct. 2058, 2062 (2017) ("An attorney error does not qualify as 'cause' to excuse a procedural default unless the error amounted to constitutionally ineffective assistance of counsel. Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default."). In Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court announced a limited, but significant, exception to this rule. Under Martinez, a Pennsylvania prisoner may argue that his PCRA counsel "caused" the default of *a claim that trial counsel was ineffective.* 566 U.S. at 9; Workman v. Sup't Albion SCI, 915 F.3d 928, 937 (3d Cir. 2019). The holding in Martinez is limited to defaulted ineffective-assistance-of-trial-counsel claims. See, e.g., Davila, 137 S. Ct. at 2062-70. It does not apply to any other type of claim. Id. Therefore, to the extent that Petitioner is raising in his Petition any other type of claim aside from a claim that Attorney Ziegler was ineffective, he cannot point to Attorney Hessley's alleged failure to file an appeal in order to avoid the default of that claim.

Under Martinez, in order to avoid the default of an ineffective-assistance-of-trial-counsel claim, Petitioner must establish two things: (1) the ineffective-assistance-of-trial-counsel claim is "substantial"; and (2) Attorney Hessley was ineffective within the meaning of Strickland. Martinez, 566 U.S. at 14; Workman, 915 F.3d at 937. Petitioner has failed to establish the first factor; therefore, the Court does not need to evaluate whether he has established the second factor.

The Court of Appeals has explained that an ineffective-assistance-of-trial-counsel claim is "substantial" if it has "some merit." Workman, 915 F.3d at 938. The evaluation of whether a claim has "some merit" is the same one that a federal court undertakes when it considers whether to grant a certificate of appealability. Id. Thus, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Workman, 915 F.3d a 938 (a petitioner "must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner of that the issues presented were adequate to deserve encouragement to proceed further.'"), quoting Martinez, 566 U.S. at 14, which cited Miller-El v. Cockrell, 537 U.S. 322 (2003).

Petitioner has not demonstrated that his claim that Attorney Ziegler was ineffective for advising him to plead guilty has "some merit." As explained above, the law presumes that she was effective, Strickland, 466 at 689, and since Petitioner entered his plea upon her advice, the voluntariness of his plea depends on whether her advice "'was within the range of competence demanded of attorneys in criminal cases.'" Hill, 474 U.S. at 56. Thus, to ultimately prevail on his request for federal habeas relief, Petitioner would have to show that Attorney Ziegler's advice to plead guilty to Count 4 was objectively unreasonable under the Strickland standard. In this case, Petitioner admitted to Officer Leach that he had sexual intercourse with K.K. on the date in question. The trial court denied his motion to suppress that statement and it would be admitted against him at trial. He faced numerous counts, including counts of rape and IDSI which carried maximum sentences of 20 years' imprisonment. Under the circumstances, it was objectively reasonable for Attorney Ziegler to advise him to plead guilty, and Petitioner has not demonstrated that there is "some merit" to any of his allegations that he contends demonstrate his guilty plea was involuntary due to her ineffectiveness.

Based upon the foregoing, Petitioner has not established the requisite "cause" to overcome the default of any of the claims that he raised in his Petition. Therefore, the Court will dismiss his claims with prejudice because they are procedurally defaulted.

Finally, the Court notes that Petitioner did not contend in his Petition that Attorney Ziegler was ineffective for failing to file a direct appeal. Therefore, that claim is not before this Court. In his Response [ECF No. 52], Petitioner does fault Attorney Ziegler for not pursuing a direct appeal, but he cannot raise a new habeas claim in that filing. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the petitioner must specify in the petition all claims and the facts supporting each claim); Local Rule 2254.B.2.b (same). See also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse [also known as a reply] is not the proper pleading to raise additional grounds for relief."). Nevertheless, even if the claim was before the Court, it would be denied. Although Petitioner had initially stated to Attorney Ziegler that he wanted to pursue a direct appeal if his post-sentence motion was unsuccessful, she subsequently advised him in her letters of October 28 and December 9, 2016, that he had no grounds to challenge his guilty plea or sentence in a direct appeal. Thus, as the PCRA court determined, Attorney Ziegler did consult with Petitioner about filing an appeal. He did not thereafter instruct Attorney Ziegler to file a direct appeal; therefore, she was not ineffective. Flores-Ortega, 528 U.S. at 478 ("If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.")

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or

judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be dismissed because they are procedurally defaulted. Accordingly, the Court will not issue a certificate of appealability on any of Petitioner's grounds for relief.

    An appropriate Order follows.

                                                  SUSAN PARADISE BAXTER
                                                  United States District Judge

Dated:  October 24, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH HENSLEY, | ) | |
|     Petitioner, | ) | Civil Action No. 18-44 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| MARK CAPPOZA, et al., | ) | |
|     Respondents. | ) | |

## ORDER

AND NOW, this 24th day of October, 2019, for the reasons set forth in the Memorandum filed contemporaneously herewith, **IT IS HEREBY ORDERED** that Petitioner's claims for federal habeas relief are **DISMISSED** with prejudice and a certificate of appealability is **DENIED** as to each claim. The Clerk of Court is directed to mark this case **CLOSED**.

                                                                                                      */s/ Susan Paradise Baxter*
                                                                                                            SUSAN PARADISE BAXTER
                                                                                                            United States Magistrate Judge